IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE KEVIN WILLIAMS,              :

    Petitioner,                    :

v.                                  :      CIVIL ACTION 13-0386-CG-M

WILLIE THOMAS,                      :

    Respondent.                    :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases.[1] No evidentiary hearing is required. It is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his State remedies with regard to these claims. It is further recommended that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Willie Kevin Williams. Finally, it is recommended that any certificate of appealability

---

[1] Williams has filed four new motions: Motion for Leave to File Motion for Judgment on the Pleadings (Doc. 41); Motion for Order to Transport (Doc. 42); Motion for Order Directed to ADOC to Remove Cases (Doc. 43); and (44) Motion for Leave to File Motion in Support of Ineffective Assistance of Counsel Claim (Doc. 44). All claims are **DENIED**. The Court noted previously that "no other pleadings will be allowed until the Court has decided the pending issue of exhaustion" (Doc. 4). With this Report and Recommendation, the issue has been decided: this action is premature.

1

filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first-degree rape, first-degree robbery, and second-degree kidnapping in the Mobile County Circuit Court on October 18, 2013 (Doc. 1; *cf.* Doc. 21, p. 1). Petitioner received a three life sentences, to be served consecutively, in the State penitentiary (*id.*). The Alabama Court of Criminal Appeals affirmed the convictions (Doc. 21, Exhibit A). Williams sought *certiorari* of that decision by the Alabama Supreme Court; on October 2, 2013, that Court notified Petitioner that his case had been docketed (Doc. 21, Exhibit B).

Petitioner first filed a petition on July 29, 2013, raising the following claims: (1) He is actually innocent of the convictions; and (2) his counsel rendered ineffective assistance (Docs. 4).[2] Williams has also filed additional pleadings and evidence in making his arguments (Docs. 8, 11, 19, 22, 28, 35, and 39).

Respondent asserts that Petitioner has not pursued all of his claims throughout the State Court, as evidenced by the Alabama Supreme Court notice (Doc. 21; *see also* Exhibit B). The Court notes that Williams admits in his petition that he has an

---

[2]Williams first filed a petition on July 29, 2013 (Doc. 1), but filed another petition on this Court's forms, pursuant to Court order (*see* Doc. 2).

2

action pending in the State Courts (Doc. 1, p. 3).

This Court finds that Petitioner has failed to exhaust his state remedies with regard to these claims. Under federal statutory law, this Court cannot grant a petition for habeas corpus under § 2254 if the Petitioner has not exhausted his claims in the State courts. 28 U.S.C. § 2254(b)(1)(A). As such, this Court cannot rule on Williams's petition. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); see also *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

The Court is aware of Williams's claim that he is actually innocent (Docs. 35, 39). However, the State courts must be given an opportunity to address this issue before this Court does so.

Therefore, it is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his state remedies. It is further recommended that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Willie Kevin Williams.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final

3

order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Williams has not exhausted his available State court remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.

It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 19th day of November, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE